UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| GARY D. VAUGHN, | ) | |
| | ) | |
| Petitioner, | ) | No. 6:09-CV-56-ART |
| | ) | |
| v. | ) | RECOMMENDED DISPOSITION |
| | ) | |
| WARDEN STEVE HANEY, | ) | |
| | ) | |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Pro Se Petitioner Gary D. Vaughn filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. *See* DE #1 (Pro Se Petition). Upon initial review, per Rule 4 of the Rules Governing Section 2254 Proceedings, the Court perceived the motion to be time-barred, with no evident basis for equitable tolling on the record. *See* DE #4 (Order). The Court provided Petitioner an opportunity to demonstrate why his Petition should not be dismissed as untimely, *see id.*, and he responded with additional information. *See* DE #8 (Pro Se Response). The prior order expressly notified Vaughn that the Court perceived the petition as time-barred and warned Vaughn: "If Petitioner fails to provide a sufficient basis in law or fact to toll the limitation period or otherwise render the petition timely, the Court . . . will recommend denial of his § 2254 petition[.]" *See* DE #4, at 5. Vaughn's response offered no challenge to the Court's prior timeliness calculation and solely provided information that Petitioner proffers to support equitable tolling. *See id.*

At this time, upon review of the full information, the Court **RECOMMENDS** that the District Court **DISMISS** Vaughn's Petition as time-barred.

1

**I. BACKGROUND**

A Laurel Circuit Court jury convicted Petitioner of assault in the first degree, robbery in the first degree, arson in the first degree, and persistent felony offender in the first degree. *See* DE #1 at 1. On May 12, 2004, Vaughn received three concurrent life sentences, which he is serving at North Point Training Center. *See id.* The Kentucky Supreme Court affirmed the conviction on June 16, 2005. *See Vaughn v. Commonwealth*, No. 2004-SC-0462-MR, 2005 WL 1420881 (Ky. Jun. 16, 2005) (*Vaughn I*) (unpublished). Vaughn did not petition for a writ of certiorari from the United States Supreme Court.

Per Petitioner's verified chronology, he filed three post-conviction motions in sequence. On July 21, 2005, Vaughn filed a Kentucky Rule of Criminal Procedure 11.42 motion for post-conviction relief. *See* DE #1 at 3. The Laurel Circuit Court denied relief on September 14, 2005. *See id*. Subsequently, on September 26, 2005, Petitioner filed a motion for relief under Rule 61.02; the Laurel Circuit Court denied the motion on October 19, 2005. *See id*. at 4. While the Rule 61.02 motion was pending, Vaughn also sought relief under Rule 60.02. *See id*. Ultimately, on October 31, 2006, the Laurel Circuit Court dismissed that motion as successive. *See id*. at 5.

Notably, Vaughn did not timely appeal the Rule 11.42 denial. Much later, on April 27, 2007, Vaughn attempted to file a belated appeal, but the Court of Appeals denied the appeal on August 2, 2007. *See Vaughn v. Commonwealth*, No. 2007-CA-000904 (Ky. Ct. App. Aug. 2, 2007). Vaughn petitioned for review by the Kentucky Supreme Court, but that court denied discretionary review on April 16, 2008. *See Vaughn v. Commonwealth*, No. 2008-SC-26-D (Ky. Apr. 16, 2008) (denial of discretionary review).

As to the Rule 61.02 motion, the Court of Appeals affirmed that denial by an opinion

issued on September 1, 2006. *See Vaughn v. Commonwealth*, No. 2005-CA-002259, 2006 WL 2520309 (Ky. Ct. App. Sept. 1, 2006) (*Vaughn II*). The docket reflects no discretionary review petition.

Finally, as to the Rule 60.02 motion, Vaughn indicates no appeal, and the public dockets reflect no appeal from that order. Research shows that Vaughn may have filed a later (January 19, 2007) motion under Rule 60.02 and Rule 10.26, *see Vaughn v. Commonwealth*, No. 2007-CA-001324-MR, 2008 WL 2065864 (Ky. Ct. App. May 16, 2008) (*Vaughn III*) (unpublished); however, Vaughn makes no reference to this later motion in his Petition. The Circuit Court denied relief on June 5, 2007, and subsequently, on May 16, 2008, the Court of Appeals rejected the effort as successive and untimely. *See id.* Vaughn made no tolling argument based on that activity.

Vaughn filed the instant section 2254 petition on February 2, 2009. *See* DE #1-2 Mailing Envelope; Rules Governing Section 2254 Cases, Rule 3(d).

## II. ANALYSIS

Vaughn indicated no challenge to the Court's prior timeliness observations, and he made no argument validating the propriety of the section 2254 filing relative to the technical strictures of AEDPA. He instead elected solely to provide information to support equitable tolling. *See* DE #8.

<u>Statute of Limitations</u>

Because Vaughn elected not to challenge the Court's calculations under the statute of limitations, this Recommended Disposition focuses primarily on equitable tolling. Vaughn at no time advocated that statutory tolling occurred by virtue of any of his post-conviction efforts.

Nonetheless, the Court takes this opportunity to address the calculations on a record made more complete by intervening review of the public Kentucky appellate dockets.

The original state judgment would have become final, for section 2244 purposes, 90 days after entry of the Kentucky Supreme Court's opinion on June 16, 2005. *See Jimenez v. Quarterman*, 129 S. Ct. 681, 685 (2009) ("As a result, direct review cannot conclude for purposes of § 2244(d)(1)(A) until the 'availability of direct appeal to the state courts' and to this Court has been exhausted.") (citations omitted); *Hill v. Dailey*, 557 F.3d 437, 437-38 (6th Cir. 2009) (acknowledging the 90-day window). During the July-September 2005 period, however, Vaughn already had filed a Rule 11.42 motion, a Rule 61.02 motion, and a Rule 60.02/RCr 10.26 motion. A "properly filed" motion for "post-conviction or other collateral review" tolls the AEDPA clock during pendency, *see* 28 U.S.C. § 2244(d)(2), and one or more of those motions *may* have effected tolling. Whether every one of those tolled the clock is doubtful, but the Court assumes, on this analysis, that each of the three would have stopped the AEDPA clock during pendency. Even if so, in the construction most favorable to Vaughn, his section 2254 motion still comes too late.

Of the three motions, the Rule 60.02 had the latest date of denial: October 31, 2006. (The Rule 11.42 effort ended without appeal in September 2005; the Rule 61.02 effort ended with a final Court of Appeals decision on October 13, 2006). Thus, the AEDPA clock began to run at the latest on December 1, 2006.[1] Per the prison mail rule, Vaughn did not file the pending section

---

[1] This date assumes Vaughn had 30 days in which to appeal the Rule 60.02 denial. The statute, at section 2244(d)(2), tolls while state post-conviction or collateral relief is "pending," a period that extends to the period for filing a timely appeal within the relevant state system. *See, e.g., Evans v. Chavis*, 126 S. Ct. 846, 849 (2006). Kentucky has a 30-day notice of appeal period. *See* Ky. R. Civ. P. 73.02(1)(a); *Bd. of Regents of W. Ky. Univ. v. Clark*, 276 S.W.3d 819, 821

4

2254 petition until February 2, 2009, well past the AEDPA deadline.

Vaughn could argue that he did try (unsuccessfully ) to appeal the Rule 11.42 denial, albeit belatedly. This assertion would be true; however, an "appeal . . . not properly filed in compliance with the rules . . . could not toll the running of the statute." *See Palmer v. Lavigne*, 43 F. App'x 827, 829 (6th Cir. 2002); *see also Streu v. Dormire*, 557 F.3d 960, 966-67 (8th Cir. 2009) ("[A]n application is not 'pending' between the expiration of the time for appeal and the filing of a petition for a belated appeal."). If Vaughn could re-toll the clock while the Kentucky system dealt with the belated appeal once filed, he lost nearly five months (from December 1, 2006, to April 27, 2007) between the end of collateral relief pendency and initiation of the effort to file a tardy appeal. The resolution of that belated appeal occurred on April 16, 2008, with the Kentucky Supreme Court's denial of discretionary review. Thus, if the clock restarted then, over nine additional months elapsed before the section 2254 filing occurred on February 2, 2009. Again, AEDPA would bar the claim. Vaughn likely gets no actual tolling benefit from the belated appeal effort because the effort failed.[2]

Last, the Court references the scenario under the Rule 60.02/Rule 10.26 effort that Vaughn **did not** cite. The Court of Appeals issued its decision on May 16, 2008, and foreclosed relief under a filing Vaughn apparently made at the trial level on January 17, 2007. *See Vaughn III*, 2008 WL 2065864. Tolling could not apply to that process because the Court of Appeals declared (a) that Rule 10.26 "is not a proper rule under which to collaterally attack a

---

(Ky. 2009).

[2] *See, e.g.*, *Hall v. Warden, Lebanon Corr. Inst.*, No. 1:08-CV-75, 2009 WL 857979, at *8 (S.D. Ohio Mar. 25, 2009) (discussing argument and cases denying tolling for time-barred effort at delayed appeal).

judgment,"*see id.* at *2, and (b) that Vaughn's effort to invoke Rule 60.02 relief was, itself, time-barred. *See id.* at *4. Again, for tolling to apply, the post-conviction effort must be "properly filed," and the resolution of the last-filed motion would preclude tolling under the statute. A belated collateral attack has no effect on the AEDPA temporal bar. *See Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814 (2005) (". . . it must be the case that a petition that cannot even be initiated or considered due to the failure to include a timely claim is not 'properly filed'); *Beach v. Mohr*, 27 F. App'x 266, 268 (6th Cir. 2001) ("Finally, Beach's belated notice of appeal and second state habeas petition did not toll the statute of limitations . . .").

For these reasons, AEDPA bars Vaughn's Petition.

<u>Equitable Tolling</u>

In response to the Court's notice of the potential timeliness dismissal, *see* DE #4, Petitioner submitted some limited explanation and an Academic Enrollment Record. *See* DE #8. In this filing, Petitioner claimed to be illiterate and thus left to rely on other unknowing inmates to guide him about proper procedure. *See id.* For the reasons detailed below, the Court finds equitable tolling inapplicable.

The AEDPA statute of limitations is not jurisdictional; therefore, equitable tolling may be permissible in some circumstances. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). However, the doctrine applies "sparingly," and the burden is on the defendant to prove its applicability. *See Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003). In evaluating whether to toll the AEDPA limitation period, the Supreme Court has remarked, "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."

*Pace*, 125 S. Ct. at 1814. To this end, the Sixth Circuit considers the following five factors: (1) the movant's lack of notice of the filing requirement; (2) the movant's lack of constructive knowledge of the filing requirement; (3) diligence; (4) absence of prejudice to the respondent; and (5) the movant's reasonableness in remaining ignorant of the legal requirement to file the claim. *See Allen*, 366 F.3d at 401. A court must perceive the existence of "extraordinary circumstances" sufficient to warrant equitable tolling. *See United States v. Stone*, 68 F. App'x 563, 565-66 (6th Cir. 2003). The essence of equitable tolling applies when "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005).

Based on the information in Vaughn's motion, as well as his supplemental filing, no cause adequately supports equitable tolling of the statute of limitations. Vaughn (without verification) cites illiteracy, but he has been a prolific *pro se* filer in the state system, employing numerous motions through the years under various post-judgment state rules. Illiteracy does not automatically support equitable tolling. *See Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) ("We hold that where a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, that lack of proficiency is insufficient to justify an equitable tolling of the statute of limitations."). Here, Vaughn has had ready and repeated access to the courts despite any educational limits. *See Malone v. Oklahoma*, 100 F. App'x 795, 798 (10th Cir. 2004) (rejecting tolling based on "ignorance of the law," "the absence of law-clerk assistance," and "illiteracy").

Further, section 2244 plainly sets forth AEDPA's limitations, and ignorance of the law is not an adequate basis for equitable tolling. *See Allen v. Bell*, 250 F. App'x 713, 716 (6th Cir.

2007) (regarding AEDPA: "[T]his court has repeatedly held that 'ignorance of the law is not sufficient to warrant equitable tolling.'") (quotation omitted). Reliance on bad advice from jailhouse lawyers, or even non-jailhouse lawyers, likewise affords no relief. *See Amavisca v. Scribner*, No. CV F 05-1632 SMS HC, 2006 WL 3635461, at *5 (E.D. Cal. Dec. 8, 2006) (collecting cases that deny equitable tolling based on role of, or filer's claimed reliance on, "jailhouse lawyer"). Attorney negligence does not suffice. *See Holland v. Florida*, 539 F.3d 1334, 1339 (11th Cir. 2008). Further, "An inmate's lack of legal training, poor education, or even his illiteracy does not give a federal court a reason to toll the AEDPA's limitations period." *Workman v. Wolfenbarger*, No. 2:08-CV-14101, 2009 WL 236115, at *4 (E.D. Mich. Jan. 29, 2009) (also denying relief based on claimed lack of "professional legal assistance").

    Moreover, Vaughn claims that he has "less than a second grade education," *see* DE #8 at 1, but his Academic Enrollment Record, which indicates an undefined "Level" of one, says Vaughn completed fifth grade. *See* DE #8-2 (Academic Enrollment Record). Movant does not resolve how, on the one hand, he has been such an active litigator in the state system, but on the other hand, his limitations purportedly excuse a timeliness default in this forum.

    The Court provided Petitioner with notice to submit all information that might support equitable tolling, and he submitted only limited explanation and the Academic Enrollment Record. Accordingly, the record does not support equitable tolling.

### III. RECOMMENDATION

    For these reasons, the Court **RECOMMENDS** that the District Court **DISMISS** Vaughn's Petition as time-barred.

    The Court further **RECOMMENDS** that the District Court **DENY** a Certificate of

Appealability. Such a Certificate may issue where a habeas petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a petitioner to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *see also Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (requiring an "individualized determination of each claim" in considering whether to grant a certificate of appealability). This Court's timeliness recommendation in no way presents a close issue involving a violation of the Constitution, so the District Court should deny a Certificate of Appealability, if sought.

      The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2254 Proceedings for the United States District Courts, Rule 8(b). Within ten days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

      This the 8th day of December, 2009.

Signed By:

*Robert E. Wier* REW

**United States Magistrate Judge**